UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MOHAMMAD H. QAZI, | ) | Case No.: 8-08-bk-01923-CED |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| DOUGLAS N. MENCHISE, | ) | Adv. Pro. No.: 8-08-ap-0479-CED |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MOHAMMAD H. QAZI, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

## DEFENDANT'S TRIAL MEMORANDUM

**COMES NOW** MOHAMMAD H. QAZI, (hereinafter "Defendant"), by and through his undersigned attorney, by and through his undersigned attorney, pursuant to Pretrial Order entered January 12, 2009, and hereby files this, his Trial Memorandum, and states as follows:

**I.     PLEADINGS AND PENDING MOTIONS:**

     A.    Pleadings:

          1.    Complaint **(Adv. Pro. Dkt. No 1)**;

          2.    Answer to Complaint, filed by the Defendant **(Adv. Pro. Dkt. No. 10)**

          3.    Notice of Propounding Discovery, filed by the Plaintiff **(Adv. Pro. Dkt. No. 15)**

          4.    Witness List and Exhibit List, filed by the Plaintiff **(Adv. Pro. Dkt. No. 17)**

          5.    Exhibit List and Witness List, filed by the Defendant **(Adv. Pro. Dkt. No. 16)**

          6.    Responses to Trustee's First Request for the Production of Documents; Plaintiff's First Request for Admissions; and Plaintiff's

First Set of Interrogatories to Defendant **(Adv. Pro. Dkt. Nos. 24, 25, 26)**

    B.    <u>Pending Motions</u>:    None.

## II.    <u>DEFENDANT'S STATEMENT</u>:

    A.    <u>Brief statement of the theory of Defendant's defenses or counterclaims, interests, et.al.</u>:

### <u>COUNT I – 11 U.S.C. SECTION 727(a)(2)(A) and (B)</u>

Defendant did not transfer property of Beta with the intent to hinder, delay, or defraud creditors. In order to prevail under Section 727(a)(2)(A) and (b), the Plaintiff must establish that: 1) a transfer occurred; 2) if the transfer was made within one year before the filing of the petition, that it was property of the debtor or, if after filing of the petition, that it was property of the estate; and 3) at the time of the transfer the debtor possessed the requisite intent to hinder, delay, or defraud a creditor. *In re Post*, 347 B.R. 104, 109 (Bankr. M.D. Fla. 2006) (citing *In re Rowe*, 81 B.R. 653, 657 (Bankr. M.D. Fla. 1987))

Defendant does not contest the fact that he collected accounts receivable on behalf of Beta subsequent to the conversion of Beta's bankruptcy case to Chapter 7, and that he deposited the funds into Beta's bank account. He also concedes that he did in fact write checks on Beta's account post-conversion in order to pay Beta's creditors, such as employee wages, lease payments, and medical transcription costs. However, at no time did Defendant act with fraudulent intent, nor did he use any of the funds for his personal benefit. Defendant was confused regarding the difference between operating as a Debtor in Possession and as a Chapter 7 Debtor. Defendant therefore believed that his actions were proper. Beta's receivables were all deposited into Beta's account, and were therefore accounted for at all times. Defendant ceased this practice after the 341 Meeting of Creditors, when he was instructed by Plaintiff to no longer write checks or make any withdrawals on the account. Therefore, the Plaintiff has not met his burden under Section 727(a)(2)(A) and (B).

### <u>COUNT II - 11 U.S.C. SECTION 727(a)(4)(A)</u>

Defendant did not make a false oath or account in his answer to Question 14 of his bankruptcy schedules. In order to prevail under Section 727(a)(4)(A), the Plaintiff must prove, by a preponderance of the evidence, that "the debtor knowingly and fraudulently made a materially false statement under oath." *Post*, 347 B.R. at 111-112. The standard for proving fraudulent intent is higher under Section 727(a)(4) than the lesser (a)(2) standard. Under Section 727(a)(4), <u>actual</u> fraudulent intent is required. *Id.* at 112. "A false statement resulting from ignorance or carelessness is not one that is knowing and fraudulent" *Id.* (citing *Carney v. Dupree*, 336 B.R. 506, 513 (Bankr. M.D. Fla. 2005).

Defendant listed "None" as his response to Question 14 of his Statement of Financial Affairs because defendant was not "holding" Beta's accounts receivable. Defendant was merely servicing the accounts pursuant to the statutory requirements under HIPAA. Therefore, Defendant did not

"knowingly and fraudulently" fail to disclose his possession and control of Beta's accounts receivable.

## COUNT III - 11 U.S.C. SECTION 727(a)(3)

Defendant did not fail to keep records of the collection of accounts receivable of Beta or other disposition of the property. The purpose of Section 727(a)(3) "is to make certain the creditors and the trustee are given sufficient information to understand the debtor's financial condition." *Menotte v. Davis*, 363 B.R. 614 (Bankr. M.D. Fla. 2006) (citing 6 *Collier on Bankruptcy* ¶ 727.03 [3][a], at 727-31). Section 727(a)(3) "does not require a full accounting of every business transaction, but 'there should be some written records, orderly made and preserved, from which the present and past condition of the debtor may be ascertained with substantial completeness and accuracy.'" *Id.* At 620 (citing *In re Sowell*, 92 B.R. 944, 947 (Bankr. M.D. Fla. 1988).

Defendant has turned over all records in his possession concerning Beta to Plaintiff. The records provided to Plaintiff were voluminous in that they consisted of several boxes containing detailed documents regarding the past and present financial records of Beta. The remainder of Beta's records should be in the possession of Accufast Billing, Beta's billing company. Therefore, Plaintiff's allegation that Defendant failed to keep adequate records is inaccurate.

## COUNT IV - 11 U.S.C. SECTION 727(a)(5)

Defendant did not fail to adequately explain the disposition of property of Beta's estate. As stated above, Defendant deposited all funds received on behalf of Beta into Beta's bank account, and either wrote checks or used a debit card for all expenditures. All of Beta's relevant bank statements have been provided to the trustee. These bank statements clearly set forth all of the transactions on the account both pre and post-conversion. Therefore, the Plaintiff has failed to meet his burden under Section 727(a)(5).

B. Brief summary of contentions of facts in support of the legal theories and evidence to be relief upon to establish each of the facts contended:

1. Defendant is a medical doctor, and is therefore subject to certain laws and regulations. Defendant had a statutory duty under applicable HIPAA and Medicare laws to preserve the patient records associated with Beta Diagnostic Imaging, Inc. Defendant's actions served to preserve the assets of Beta's bankruptcy estate. Had Defendant not taken these actions, the bankruptcy estate would have been subjected to possible liability, including, but not limited to, criminal liability.

2. Defendant listed "None" as his response to Question 14 of his Statement of Financial Affairs because defendant was not "holding" Beta's accounts receivable. Defendant was merely servicing the accounts pursuant to the above-mentioned statutory requirements.

3. Defendant has turned over all records in his possession concerning Beta to Plaintiff. The remainder of Beta's records should be in the possession of Accufast Billing, Beta's billing company.

4. All of Beta's relevant bank statements have been provided to the trustee. These bank statements clearly set forth all of the transactions on the account both pre and post-conversion, thereby explaining the disposition of all of Beta's accounts receivables.

C. <u>Rule 7026 Statement</u>:

Defendant has complied with Bankruptcy Rule 7026.

D. <u>Statement of all admitted or uncontested facts</u>:

1. For jurisdiction purposes only, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. This Court has jurisdictional pursuant to 28 U.S.C. §1334, §157(a) and §157(b).

3. For procedural purposes only, the Complaint is an adversary proceeding pursuant to Rule 7001(a), 7001(4), and 7001(6) of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper pursuant to 28 U.S.C. §1409.

5. Defendant is a medical doctor, and is employed as a radiologist. He was the principal owner of Beta Diagnostic Imaging, Inc. Beta filed a Chapter 11 bankruptcy on January 29, 2008, and operated as a Debtor in possession until the case was converted to a Chapter 7 bankruptcy on February 20, 2008.

6. Defendant collected accounts receivable on behalf of Beta subsequent to the conversion of Beta's bankruptcy case to Chapter 7, and deposited the funds into Beta's bank account. Defendant wrote checks on Beta's account post-conversion in order to pay Beta's expenses, such as employee wages, lease payments, and medical transcription costs.

E. <u>Contested facts</u>:

1. That Defendant used and converted Beta's accounts receivables with the intent to hinder, delay, or defraud creditors.

2. That Defendant knowingly and fraudulently failed to disclose his possession and control of Beta's accounts receivables so that he could continue to use them for his personal benefit.

3. That Defendant made a false oath or account in his answer to Question 14 of the Statement of Financial Affairs.

4. That Defendant failed to keep records of the unauthorized collection of Beta's accounts receivables.

5. That Defendant failed to satisfactorily explain the loss of Beta's assets.

F. <u>Contested legal issues</u>:

1. Whether Defendant used and converted property of Beta's estate with the intent to hinder, delay, or defraud Beta's creditors pursuant to Section 727(a)(2) of the Bankruptcy Code;

2. Whether Defendant made a false oath in responding to Question 14 of the Statement of Financial Affairs pursuant to Section 727(a)(4)(A) of the Bankruptcy Code;

3. Whether Defendant failed to keep records of the collection of accounts receivable of Beta or other disposition of the property pursuant to Section 727(a)(3) of the Bankruptcy Code;

4. Whether Defendant failed to adequately explain the disposition of property of Beta's estate pursuant to Section 727(a)(5) of the Bankruptcy Code;

G. <u>Jurisdiction</u>: The parties agree that the court has jurisdiction over this proceeding.

H. <u>Settlement</u>: Settlement negotiations have been conducted, and the parties were unable to reach a mutually acceptable agreement.

**I HEREBY CERTIFY** that on this 13th day of July, 2009, a true and correct copy of the foregoing has been furnished by ■ CM/ECF Electronic mail to:

Micheal Nardella, Esq., michael.nardella@akerman.com
Douglas N. Menchise, Dmenchise@veizon.net
United States Trustee - TPA7 USTPRegion21.TP.ECF@USDOJ.GOV

and by ■ Regular U.S. Mail to:

**Mohammad H. Qazi**, PO Box 22181, Orlando, FL 32830.

> Respectfully submitted,
>
> BUDDY D. FORD, P.A.,
>
> *Barbara C. Leon*
>
> **Buddy D. Ford, Esquire** (FBN: 0654711)
> Email: Buddy@tampaesq.com
> **Barbara C. Leon, Esquire** (FBN: 0582115)
> Email: Barbara@tampaesq.com
> **Jane Sobotta, Esquire** (FBN: 0036568)
> Email: Jane@tampaesq.com
> 115 N. MacDill Avenue
> Tampa, Florida 33609-1521
> Telephone: (813) 877-4669
> Attorney for Defendant